IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD WEST,**

        Petitioner,

v.                              //     CIVIL ACTION NO. 1:16CV143
                                              (Judge Keeley)

**JENNIFER SAAD, Warden,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32],
GRANTING RESPONDENT'S MOTION TO DISMISS OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT [DKT. NO. 24], AND DENYING AND
DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

On June 29, 2016, the pro se petitioner, Ronald West ("West"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). West claims that Bureau of Prisons ("BOP") staff at Federal Correctional Institution, Allenwood, violated his First and Fifth Amendment rights in connection with the adjudication of two disciplinary incident reports. In both instances, the Disciplinary Hearing Officer ("DHO") found that West had violated prison rules and sanctioned him with the revocation of good time credit and the loss of various other privileges. West argues that the incident reports contained false accusations meant to retaliate against him for filing grievances regarding staff misconduct. In addition, he contends that the BOP prevented him from exhausting his administrative remedies when it failed to respond to his grievances regarding the incident reports.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32], GRANTING RESPONDENT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT [DKT. NO. 24], AND DENYING AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review. After being directed to show cause, the respondent filed a motion to dismiss or, alternatively, for summary judgment (Dkt. No. 24). Although she acknowledged that West had technically exhausted his claims, the respondent argued that 1) West's claims are not cognizable under § 2241 because he is serving a life sentence, which will not necessarily be reduced by a favorable ruling; 2) West received due process in both disciplinary proceedings at issue; and 3) West's other constitutional claims are not cognizable under § 2241, but rather must be pursued in a civil rights action (Dkt. No. 25).

In a thorough and well-reasoned Report and Recommendation ("R&R"), Magistrate Judge Trumble recommended that the Court deny and dismiss the Petition. After outlining the requirements of due process in prison disciplinary proceedings, he carefully reviewed each incident report and the record of West's disciplinary proceedings, id. at 2-8, and concluded that, in each case, the BOP had provided West with the appropriate procedural safeguards and had based its decision on sufficient evidence. Id. at 14-16. Further, Magistrate Judge Trumble agreed with the respondent that

2

**WEST V. SAAD**                                                  **1:16CV143**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32],
GRANTING RESPONDENT'S MOTION TO DISMISS OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT [DKT. NO. 24], AND DENYING AND
DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

the appropriate vehicle for West's constitutional claims is a civil rights action. Id. at 14.

The R&R also informed West of his right to file "written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections." Id. at 17. It further warned him that the failure to do so may result in waiver of his right to appeal. Id. Now pending are Magistrate Judge Trumble's R&R, as well as West's timely objections (Dkt. No. 34).

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F.

**WEST V. SAAD**                                                    **1:16CV143**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32],
GRANTING RESPONDENT'S MOTION TO DISMISS OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT [DKT. NO. 24], AND DENYING AND
DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Here, West's objections fail to identify any specific errors in Magistrate Judge Trumble's findings, and, in fact, contain no reference to the R&R (Dkt. No. 34). Rather, West summarizes the factual and procedural background of the case, reiterates his claim that the incident reports at issue contained false allegations, and requests that the Court grant his Petition. Id. at 1-6. These reiterations and general contentions, which were fully and fairly addressed in the R&R, place the Court under no obligation to conduct a de novo review. Diamond, 414 F.3d at 315. Therefore, upon review of the R&R and the record for clear error, the Court adopts

4

**WEST V. SAAD**                                          **1:16CV143**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32], GRANTING RESPONDENT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT [DKT. NO. 24], AND DENYING AND DISMISSING § 2241 PETITION WITH PREJUDICE [DKT. NO. 1]**

the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 19). In conclusion, the Court:

1. **ADOPTS** the R&R (Dkt. No. 32);

2. **OVERRULES** West's objections (Dkt. No. 34);

3. **GRANTS** the respondent's motion to dismiss or, alternatively, for summary judgment (Dkt. No. 24);

4. **DENIES AS MOOT** West's "Motion for Defense" (Dkt. No. 23); and

5. **DENIES** the Petition (Dkt. No. 1) and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested. The Clerk is further **DIRECTED** to enter a separate judgment order and to remove this case from the Court's active docket.

**Dated:** June 30, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE